UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GUILLERMO NAVARRO,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | NO:  4:15-CV-5120-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS |

BEFORE THE COURT are Plaintiff Guillermo Navarro's Motion for Summary Judgment, ECF No. 12, and Defendant Carolyn Colvin's Cross-Motion for Summary Judgment, ECF No. 21.  The Court has reviewed the pleadings, the administrative record, and is fully informed.

## BACKGROUND

Mr. Navarro protectively filed a Title II application for disability benefits on April 25, 2011, first alleging an onset of disability of July 18, 2008, but later amending that onset of disability date to September 1, 2010.  ECF No. 9-2, Tr. 29. The claim was initially denied on June 20, 2011, and upon reconsideration on March

8, 2012. *Id*. Upon Plaintiff's request, Plaintiff was granted a video hearing on August 8, 2013, before Administrative Law Judge R.J. Payne ("ALJ"). The ALJ determined that Plaintiff had a severe impairment of degenerative disc disease of the lumbar spine status post fusion at L5-S1. ECF No. 9-2, Tr. 31. However, the ALJ found that this impairment did not meet or equal any listed impairments. ECF No. 9-2, Tr. 34. Accordingly, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. 404.1567(b) with fifteen non-exertional limitations. *Id*. At step five of the sequential process, the ALJ did not call a vocational expert, but instead relied upon Medical-Vocational Rule 202.18 in conjunction with his determination that Plaintiff's "additional limitations had little or no effect on the occupational base of unskilled light work," to find Plaintiff to be "not disabled." ECF No. 9-2, Tr. 38.

## STATEMENT OF FACTS

The facts of this case are set forth in the administrative hearing transcripts and record, ECF No. 9. Plaintiff was forty years old at the date he was last insured, ECF No. 9-2, Tr. 37, and his work history consisted mainly of agricultural work and installing cabinets and doors on recreational vehicles. ECF No. 9-2, Tr. 56-57.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's final decision. 42 U.S.C. § 405(g). A reviewing court must uphold the Commissioner's decision, determined by an ALJ, when the decision is supported by

substantial evidence and not based on legal error.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

The reviewing court should uphold "such inferences and conclusions as the [Commissioner] may reasonably draw from the evidence."  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the Commissioner's decision.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing both the evidence that supports and detracts from the [Commissioner's] conclusion."). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the reviewing court may not substitute its judgment for that of the Commissioner.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  Thus, if there

is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Under the Social Security Act (the "Act"),

> an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). "Thus, the definition of disability consists of both medical and vocational components." *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Step one determines if the claimant is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the ALJ, under step two, determines whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. § 404.1520(a)(4)(ii).

If the impairment is severe, the evaluation proceeds to step three, which compares the claimant's impairment to a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

Before proceeding to step four, the claimant's RFC is assessed. 20 C.F.R. § 404.1545(a)(1). An individual's RFC is the ability to do physical and mental work activities on a sustained basis despite limitations from any impairments. *Id*.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to step four, where the ALJ determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

If the claimant cannot perform his previous work, the final step considers whether the claimant is able to perform other work in the national economy in light

of his RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v).

At step five, the initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The claimant satisfies this burden by establishing that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES

Plaintiff argues that the ALJ committed reversible error if four ways: (1) at step two, failing to consider Plaintiff's additional severe impairments; (2) improperly weighing medical evidence; (3) improperly weighing Plaintiff's symptom testimony; and (4) failing to develop the record and establish that jobs that could be performed within Plaintiff's RFC existed in the economy. ECF No. 12 at 6.

## DISCUSSION

**Consideration of Additional Impairments (at Step Two and Subsequent Steps)**

Plaintiff argues that the ALJ failed to consider or adequately address his alleged impairments for depression and anxiety. ECF No. 12 at 6. The Commissioner focused on one impairment: degenerative disc disease of the lumbar

spine status post fusion at L5-S1; ECF No. 9-2, Tr. 31; but Plaintiff submitted evidence of his psychological impairments that were first raised in January of 2011.

A severe impairment is one "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Conversely, an impairment is not severe when it is "a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996).

On January 18, 2011, just weeks after the relevant time period, Plaintiff was seen by Dr. Najera, who found Plaintiff to be suffering from depression at a "moderate" level of severity, meaning that his condition caused "significant interference with the ability to perform one or more basic non-work-related activities." ECF No. 9-7, Tr. 250. Two years later, on July 22, 2013, another medical provider, Dr. Brooks, stated that he had known Plaintiff for more than two years, and listed "Anxiety/Depressive disorder" as conditions that contributed to Dr. Brooks' finding that Plaintiff was "completely disabled." ECF No. 9-7, Tr. 287-299. The ALJ did not make an express finding regarding whether Plaintiff's depression or anxiety constituted severe impairments.[1]

---

[1] In finding that Dr. Brook's opinion was only entitled to "limited weight," the ALJ referenced "anxiety and depression disorder" among other diagnoses that the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

The Commissioner argues that "Navarro's argument lacks merit because the evidence he cites falls beyond the relevant period," and that the ALJ addressed the "scant evidence of record relating to these alleged impairments at step two." ECF No. 21 at 6-7. Defendant asserts that all evidence of those conditions postdates the relevant period; there is no indication that the evidence should be applied retroactively; and that when Plaintiff's counsel submitted such evidence at the hearing, he stated on the record that the evidence did "not address [Navarro's] condition as of the date last insured." *Id*. (citing Tr. 31-34, 46-47).

Although the Commissioner accurately states that the medical evidence regarding Plaintiff's depression and anxiety postdates the relevant time period, the record demonstrates that only weeks after the date last insured, Dr. Najera found Plaintiff to be suffering from depression to the point where it caused "significant interference" with work-related activities. ECF No. 9-7, Tr. 250. Furthermore, on January 18, 2011, Dr. Najera stated that Plaintiff was "also being followed at Nueva Esperanza for problems with depression and anxiety." ECF No. 9-7, Tr. 258. Although the record does not state when Plaintiff began treatment at Nueva Esperanza, the repeated references to Plaintiff's depression and anxiety are sufficient to require the ALJ's consideration.

---

found were "not reported elsewhere." Tr. 36. A cursory review of the record undermines the ALJ's assertion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 8

The Court is unable to find that the ALJ's determinations are supported by substantial evidence when the ALJ fails to state his findings and when Plaintiff's alleged conditions are left unaddressed at step two of the sequential process. Therefore, the Court finds that the ALJ committed reversible error by failing to address Plaintiff's depression and anxiety. *See Black v. Astrue*, No. 11-35379, 2012 WL 907118, at *1 (9th Cir. Mar. 19, 2012) ("Substantial evidence does not support the ALJ's conclusion that the anxiety disorder is not a severe impairment in the absence of any mention of the disorder."). Additionally, the Court cannot determine whether the omission was harmless as the ALJ did not provide a rationale for rejecting evidence of these conditions that was potentially relevant to Plaintiff's RFC. *See id.* (finding that "therefore we do not know whether the ALJ's omission was 'inconsequential to the ultimate nondisability determination.'") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## CONCLUSION

In light of the Court's determination that this case shall be remanded for additional findings, the Court need not address Plaintiff's additional assignments of error. However, in order to provide guidance upon remand, the Court has considered Plaintiff's arguments and briefly addresses the ALJ's unwarranted rejection of medical opinions.

**Standard for Rejecting Medical Opinions**

As part of the disability determination, the ALJ must consider the opinions of the claimant's medical providers. 20 C.F.R. §§ 404.1527(b) and 416.927(b). An ALJ may consider the opinions of three types of physicians: treating, examining, and non-examining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (2014). The ALJ must give the greatest weight to testimony offered by a treating physician. *Id*. Factors that may be considered in weighing the evidentiary value of a medical opinion include: (1) the type of doctor; (2) the amount of relevant evidence in support of the opinion; (3) consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) any other factors deemed relevant. 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6).

Where a treatment physician's opinion is uncontroverted, the ALJ must find "clear and convincing" reasons to reject that opinion. *Smolen v. Chater*, 80 F.3d 1273, 1285 (1996); *see also Garrison*, 759 F.3d at 1012 (same standard for rejecting the opinions of examining physicians). However, "specific and legitimate" reasons are sufficient to reject a controverted opinion when supported by substantial evidence for doing so. *But see Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."). To support a decision with substantial evidence, an ALJ must provide a "detailed and thorough summary of the facts and conflicting clinical

evidence, stating [the] interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). An ALJ commits error if the ALJ rejects a medical opinion "without explanation that another medical opinion is more persuasive or criticizing with boilerplate language that fails to offer a substantive basis" for the rejection. *Id.* at 1012-13.

In this case, the ALJ stated that he considered the opinion of a treating physician, Dr. Liligan, but afforded "no weight" to Dr. Liligan's determination that Navarro is "unable to work" and unable to lift more than five pounds frequently or carry more than ten pounds occasionally. ECF No. 9-2, Tr. 36. In addition to a vague assertion that the ALJ believed Dr. Hutson, a non-examining doctor who stated that Dr. Liligan's opinion was "not supported by the record," the ALJ discredited Dr. Liligan by asserting that "his treatment records detail only repeated refills of medications without any significant treatment or evidence of neurological compromise or other significant findings to support his opinions." *Id.* Not only is the ALJ's statement an oversimplification of medical treatment, it is flatly contradicted by the record as Dr. Liligan provided records of physical examinations followed by his recommendations for various treatments that included a spinal injection and physical therapy. *See* ECF No. 9-7, Tr. 184-203.

Despite those records, the ALJ asserted that the conclusions of Dr. Liligan, a treating physician, were not supported and afforded them "no weight." ECF No. 9-2, Tr. at 36. In fact, the ALJ discounted the findings of each treating physician, but

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 11

1  afforded "significant weight" to Dr. Hutson, a non-examining physician, because he
2  had the opportunity to review the longitudinal record in this case. *Id.* As further
3  support for his confidence in Dr. Hutson, the ALJ stated that his conclusions were
4  consistent with the opinion of a nurse and another non-examining medical
5  consultant, Dennis Koukal. *Id.* Therefore, the ALJ discounted the opinions of
6  treating physicians Drs. Liligan, Najera, and Brooks, based on assertions of
7  inconsistencies in their notes or a lack of support for their opinions; but was
8  convinced by the "persuasive" testimony of a non-examining physician, the opinion
9  of a nurse because it was "presumably made on the recommendation of a treating
10 neurosurgeon," and a non-examining state agency medical consultant. *Id.* The
11 ALJ's weighing of opinion evidence appears outcome-driven and even if this Court
12 views each of the treating physician's views as controverted, the ALJ failed to
13 adhere to the requirement that a rejection of an opinion from a treating physician be
14 supported by substantial evidence.
15     Additionally, the ALJ failed to address all of Plaintiff's limitations that were
16 found in the record during the relevant time period. For example, on October 7,
17 2010, Dr. Lilagan stated that Plaintiff could not stay in one position for a period of
18 time. ECF No. 9-7, Tr. 306. The ALJ never addressed that limitation. The lack of
19 any relevant discussion from the ALJ effectively rejected this additional limitation,
20 but there is certainly no basis to find that the unstated rejection was supported by
21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 12

substantial evidence. Such deficiencies and resulting procedural inadequacies should be remedied on remand.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED IN PART**. The Court denies Plaintiff's request for an immediate award of benefits.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. This case is **REMANDED** for a *de novo* hearing before the Social Security Administration.

4. **UPON REMAND**, the ALJ will conduct a *de novo* hearing and issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reassess the claimant's residual functional capacity, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility.

5. **JUDGMENT** shall be entered for Plaintiff.

The District Court Clerk is directed to enter this Order and provide copies to counsel, **enter judgment**, and **close this case**.

**DATED** January 24, 2017.

                                                 *s/ Rosanna Malouf Peterson*
                                                ROSANNA MALOUF PETERSON
                                                   United States District Judge